**Date Signed:**
**October 19, 2020**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>DANIEL ALBERTO JESUS BARRETTO,<br><br>　　　　　　Debtor. | Case No. 19-00653<br>Chapter 7 |
| MARC DARIENZO,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DANIEL A. BARRETTO,<br><br>　　　　　　Defendant. | Adv. Pro. No. 19-90025<br><br><br><br><br>Re: Dkt. No. 2 |

## AMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

The trial of this adversary proceeding was held on October 7, 2020. Plaintiff Marc D'Arienzo and defendant Daniel A. Barretto each represented themselves.

Based on the evidence admitted at trial, I make the following

# FINDINGS OF FACT

Neither Mr. D'Arienzo nor Mr. Barretto was an entirely credible witness. Both of their respective versions of the facts have varied over time, and in some instances varied during the course of the trial. The parties offered precious little contemporaneous documentary evidence to corroborate or contradict the testimony. Therefore, the fact-finding task has been unusually difficult. I have relied heavily on the legal rule (described in more detail in the conclusions of law) that in a case such as this one, the plaintiff has the burden of proof and persuasion, and the preponderance of the evidence standard applies.

## I. The Ohio Loan

In or around January 2017, The Lansky Roth Group LLC, a Delaware limited liability company formed by Mr. Barretto, lent $172,500 to Affordable Executive Homes & Housing Services, LLC. The loan was secured by property located in Ohio. Mr. D'Arienzo provided the funds that The Lansky Roth Group LLC lent. The loan was repaid in full with interest at eleven percent per annum and Mr. D'Arienzo received the borrower's payments. This was a profitable transaction for Mr. D'Arienzo.

## II. The Mortgage Payoff

Mr. D'Arienzo testified that, in late February or early March 2017, he provided $167,000 in cash to Mr. Barretto based on Mr. Barretto's promise to pay off, ideally at a discount, the mortgage on Mr. D'Arienzo's residence (the outstanding balance of

U.S. Bankruptcy Court - Hawaii   #19-90025   Dkt # 127   Filed 10/19/20   Page 2 of 12

which was about $167,000). He further testified that Mr. Barretto paid only $25,000 towards the mortgage and kept the rest of the money. He believes that Mr. Barretto never actually intended to do what he promised to do.

Mr. Barretto admitted that he received $25,000 from Mr. D'Arienzo and that he paid it to Mr. D'Arienzo's mortgage lender. Mr. Barretto testified that Mr. D'Arienzo asked him to make this payment because Mr. D'Arienzo was trying to hide the money from his then-wife. Mr. Barretto denied that he promised to renegotiate or repay Mr. D'Arienzo's mortgage and denied that he received any money (other than the $25,000) from Mr. D'Arienzo for that purpose. Mr. Barretto testified that he knows nothing about mortgages, but this is hard to square with the fact that he arranged the mortgage loan secured by the Ohio property.

To corroborate his testimony, Mr. D'Arienzo offered a printout that he testified were text messages exchanged between him and Mr. Barretto during May 2017. Mr. Barretto denied that the purported messages were genuine.

Both parties' testimony about these events is less than plausible. But Mr. D'Arienzo has the burden of proof, and I am unable to find by a preponderance of the evidence that his version of events is true.

This transaction was previously the subject of a case in New Jersey state court. On February 16, 2018, Mr. D'Arienzo filed a complaint against Mr. Barretto, alleging fraud and breach of contract in connection with the mortgage payoff. Mr. D'Arienzo's

U.S. Bankruptcy Court - Hawaii    #19-90025    Dkt # 127    Filed 10/19/20    Page 3 of 12

complaint requested the same relief for both counts. On August 3, 2018, the New Jersey court granted judgment against Mr. Barretto in the amount of $167,000, but did not state the basis for its decision. *See* dkt. 100-8, at 5.

III. **The New Jersey Restaurant**

In March or April 2017, Mr. D'Arienzo paid Mr. Barretto $60,000 to purchase partial ownership of a restaurant in New Jersey. Mr. Barretto did not immediately provide the promised ownership interest to Mr. D'Arienzo. He did transfer full ownership to Mr. D'Arienzo later, but by the time he did so (in the late summer or fall of 2017), the restaurant had gone out of business.

I am unable to find by a preponderance of the evidence that Mr. Barretto made any misrepresentations, or did not intend to do anything that he promised to do, with respect to the New Jersey restaurant.

IV. **The May 2017 Agreement**

Mr. D'Arienzo offered a written agreement, dated May 8, 2017, which says that, to secure his obligations under four transactions, Mr. Barretto would provide three assets as collateral: real property in Tiki Island, Texas, then owned by Mr. Barretto; Mr. Barretto's 401(k) account; and the gross receipts of the New Jersey restaurant. At trial, Mr. D'Arienzo testified that there were really just three transactions (the Ohio loan, the mortgage payoff, and the New Jersey restaurant).

Mr. Barretto denied signing the document or ever agreeing to its terms. He

4

testified that the signature does not look like his, and that his signature has never changed.

Mr. Baretto's testimony about his signature is less than plausible. The court's file contains numerous examples of Mr. Barretto's signature. They vary considerably, and some of them do look like the signature on the May 8, 2017 document.

Mr. D'Arienzo's testimony about the document is also less than plausible. He testified that, as a trained lawyer, he knew that additional steps must be taken to create and perfect a lien on property, and that it is difficult if not impossible for a private creditor to obtain a security interest in a 401(k) retirement plan. He admitted that he took none of those steps, claiming that he relied on Mr. Barretto's promise to pay him from those assets. I cannot find that Mr. D'Arienzo justifiably relied on that promise.

In any event, it is clear that Mr. D'Arienzo did not advance any money to Mr. Barretto at the time of or after the May 8, 2017 agreement. By the time of that agreement, Mr.D'Arienzo had already advanced all of the money he ever advanced to Mr. Barretto.

Based on these findings of fact, I draw the following

## CONCLUSIONS OF LAW

### I. Jurisdiction and Venue

The bankruptcy court has personal jurisdiction over the parties. Venue is proper in this district pursuant to 28 U.S.C. § 1408(1).

The bankruptcy court has subject matter jurisdiction over the underlying bankruptcy case pursuant to 28 U.S.C. § 1334(b). Determination of the dischargeability of this debt is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

II. Standard for Nondischargeability Under Section 523(a)(2)

A chapter 7 discharge does not discharge an individual from any debt–

> (2) for money, property, services, or . . . credit, to the extent obtained by–
> (A) false pretenses, a false representation, or actual fraud . . . [or]
> (B) use of a statement in writing–
> > (i) that is materially false;
> > (ii) respecting the debtor's or an insider's financial condition;
> > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > (iv) that the debtor caused to be made or published with intent to deceive.

11 U.S.C. § 523(a)(2)(A)-(B).

A. Section 523(a)(2)(A).

To succeed on a claim under § 523(a)(2)(A), Mr. D'Arienzo must prove the following five elements by a preponderance of the evidence:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of [the debtor's] statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Deitz v. Ford (In re Deitz)*, 760 F.3d 1038, 1050 (9th Cir. 2014) (*citing Omey v. Weinberg (In re Weinberg)*, 410 B.R. 19, 35 (B.A.P. 9th Cir. 2009), *aff'd*, 407 F.

6

U.S. Bankruptcy Court - Hawaii   #19-90025   Dkt # 127   Filed 10/19/20   Page 6 of 12

App'x 176 (9th Cir. 2010)); *see also Grogan v. Garner*, 498 U.S. 279, 291 (1991).

A claim for breach of contract, standing alone, does not suffice under § 523(a)(2)(A). But the section does apply if the debtor did not actually intend to perform under the contract when the debtor entered into it. "A debtor must make a promise while knowing it to be false at the time in order to support a nondischargeability action under 11 U.S.C. § 523(a)(2)(A)." *Lund v. Kuan (In re Lund)*, 202 B.R. 127, 131 (B.A.P. 9th Cir. 1996).

"To be actionable under § 523(a)(2)(A), the prescribed conduct must have occurred *before* the debtor obtains the money." *Hopper v. Lewis (In re Lewis)*, 551 B.R. 41, 48 (Bankr. E.D. Cal. 2016). "Prescribed conduct that occurs *after* the debtor obtains money does not count and will not support a nondischargeability claim under § 523(a)(2)(A)." *Id.* (citing *Houng v. Tatung, Co. (In re Houng)*, 499 B.R. 751, 766 n.49 (C.D. Cal. 2013), *aff'd,* 636 Fed. App'x. 396 (9th Cir. 2016)).

B.  Section 523(a)(2)(B)

To succeed on a claim under § 523(a)(2)(B), Mr. D'Arienzo must demonstrate the following elements by a preponderance of the evidence:

(1) a representation of fact by the debtor,
(2) that was material,
(3) that the debtor knew at the time to be false,
(4) that the debtor made with the intention of deceiving the creditor,
(5) upon which the creditor relied,
(6) that the creditor's reliance was reasonable, and
(7) that damage proximately resulted from the representation.

7

U.S. Bankruptcy Court - Hawaii   #19-90025   Dkt # 127   Filed 10/19/20   Page 7 of 12

*Gertsch v. Johnson & Johnson, Fin. Corp. (In re Gertsch)*, 237 B.R. 160, 167 (B.A.P. 9th Cir. 1999) (quoting *Candland v. Insurance Co. of North Am. (In re Candland)*, 90 F.3d 1466, 1469 (9th Cir. 1996)).

"[F]or purposes of [§] 523(a)(2), . . . the timing of the fraud and the elements to prove fraud focus on the time when the lender . . . made the extension of credit to the Debtor." *New Falls Corp. v. Boyajian (In re Boyajian)*, 367 B.R. 138, 147 (B.A.P. 9th Cir. 2007). Therefore, to succeed under § 523(a)(2)(B), Mr. D'Arienzo must prove that he reasonably relied on a materially false financial statement "when the original transaction was consummated." *Id.*

III.  Issue Preclusion

"Collateral estoppel applies in dischargeability proceedings." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (B.A.P. 9th Cir. 1997), *aff'd,* 163 F.3d 609 (9th Cir. 1998); *accord Grogan v. Garner*, 498 U.S. at 284-85. Under federal law, the preclusive effect of a state court judgment is determined "under the law of the state in which the judgment was rendered." *Id.* (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under New Jersey law, the application of collateral estoppel requires the party employing it to show that:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a

8

party to or in privity with a party to the earlier proceeding.

*First Union Nat'l Bank v. Penn Salem Marina, Inc.*, 921 A.2d 417, 424 (N.J. Sup. Ct. 2007).

"If several issues are litigated in an action, and in a subsequent action between the parties, one of the parties relies on the judgment as conclusive of one of the issues, that party must show that the issue was determined by the judgment in the prior action." Restatement (Second) of Judgments § 27 cmt. g (Am. Law Inst. 1982). The court's findings of fact, if relevant to a particular count, may indicate the basis for the court's decision where it is not specifically stated. *See In re Younie*, 211 B.R. at 374 (determining that the state court default judgment was an adjudication of fraud because the judgment contained only factual findings related to the fraud counts of the complaint, not the breach of contract count).

## IV. The Law Applied to the Facts

Mr. D'Arienzo has not carried his burden of proof under § 523(a)(2).[1]

Though one of the parties' transactions was previously the subject of a state court judgment, Mr. D'Arienzo did not argue that the New Jersey judgment should

---

[1] There is no indication in the complaint or other documents on the record that Mr. D'Arienzo intended to rely on 11 U.S.C. § 523(a)(6), which excepts from discharge "debts for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"

9

U.S. Bankruptcy Court - Hawaii   #19-90025   Dkt # 127   Filed 10/19/20   Page 9 of 12

have issue preclusive effect against Mr. Barretto in his adversary complaint or at trial.[2] Furthermore, the state court order granting judgment does not state on which count of Mr. D'Arienzo's complaint relief was granted, and made no factual findings related to either count. Mr. D'Arienzo therefore cannot show that the New Jersey court "actually" decided his fraud claim. Further, because his breach of contract claim supported the judgment, the fraud claim was not "necessarily" decided. Therefore, Mr. D'Arienzo cannot assert issue preclusion.

Mr. D'Arienzo does not claim that the Ohio loan gives rise to a nondischargeable claim. There is no evidence that Mr. Barretto made any misrepresentations regarding that transaction, and Mr. D'Arienzo suffered no loss in that transaction.

With respect to the mortgage payoff, Mr. D'Arienzo failed to prove, by a preponderance of the evidence, that he advanced the money to Mr. Barretto, that Mr. Barretto promised to repay Mr. D'Arienzo's mortgage, or that Mr. Barretto made any misrepresentations.

With respect to the New Jersey restaurant, Mr. D'Arienzo failed to prove, by a preponderance of the evidence, that Mr. Barretto promised to do anything that he did

---

[2] In his First Amended Motion for Summary Judgment, Mr. D'Arienzo argued that fraud was clearly alleged in his state court complaint, though the judgment did not reference fraud specifically. *See* dkt. 36-1, at 3. However, these arguments were not accompanied by any mention of issue preclusion or relevant citation.

10

not actually intend to do or that he made any misrepresentations.

The written agreement dated May 2017 cannot give rise to a nondischargeable liability. Section 523(a)(2)(A) excepts debt from discharge "to the extent obtained by" fraud or misrepresentation. Mr. D'Arienzo did not advance any additional money to Mr. Barretto at the time of or after the May 2017 agreement. Therefore, even assuming that Mr. Barretto made misrepresentations in connection with the May 2017 agreement, or did not intend to carry out the agreement when made, Mr. Barretto did not receive any money or credit based on those misrepresentations. Accordingly, any liability arising from the May 2017 agreement is not excepted from discharge under § 523(a)(2)(A).

It is unclear whether Mr. D'Arienzo intended to rely on § 523(a)(2)(B) for relief, but he would be unsuccessful regardless. The May 2017 agreement's representation that there was equity in Mr. Barretto's real property in Tiki Island, Texas, is the only statement that could possibly qualify as a statement in writing respecting the debtor's financial condition under § 523(a)(2)(B). But, because Mr. D'Arienzo advanced the funds to Mr. Barretto before, and not after, May 2017, there is no way that the money could have been "obtained by" any statement in the May 2017 agreement. Accordingly, any liability arising from that agreement is not excepted from discharge under § 523(a)(2)(B).

Based on these findings of fact and conclusions of law, the court will enter a

U.S. Bankruptcy Court - Hawaii    #19-90025    Dkt # 127    Filed 10/19/20    Page 11 of 12

separate final judgment determining that Mr. Barretto's debt to Mr. D'Arienzo is dischargeable in bankruptcy.

## END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW

U.S. Bankruptcy Court - Hawaii   #19-90025   Dkt # 127   Filed  10/19/20   Page 12 of 12